IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ANTHONY VIKEY OMAR PRICE,     )
     Petitioner,            )        Civil Action No. 7:21-cv-00477
                             )
v.                           )
                             )        By: Elizabeth K. Dillon
J.C. STREEVAL,           )              United States District Judge
     Respondent.         )

**MEMORANDUM OPINION**

Petitioner Anthony Vikey Omar Price, a federal inmate proceeding *pro se*, filed a petition

styled as a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  In it, he challenges the sentence

he received in the United States District Court for the Middle District of Florida, in Case No.

5:14-cr-00013.  Although he has not yet paid the filing fee nor been granted leave to proceed *in*

*forma pauperis*, the court has reviewed his petition pursuant to Rule 4 of the Rules Governing

§ 2254 Cases.[1]  This provision requires a district court to dismiss a habeas corpus petition if the

petition and any attached exhibits show that the petitioner is not entitled to relief.  *See also*

*McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss

summarily any habeas petition that appears legally insufficient on its face . . . .")  Upon review,

the court concludes that Price cannot rely on *United States v. Mathis*, 136 S. Ct. 2243 (2016), to

proceed under 28 U.S.C. § 2241, as he seeks to do.  For this reason, discussed below, the court

will dismiss his petition without prejudice for lack of jurisdiction.

I.    BACKGROUND

A jury convicted Price of aiding and abetting an attempt to possess with intent to

distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2.  He

---

[1] These rules also may be applied to habeas petitions under 28 U.S.C. § 2241.  R. Gov. § 2254 Cases 1(b).

was sentenced to a 262-month term of imprisonment, below the guideline range as determined by the sentencing court, which was 360 months to life. *United States v. Price*, 644 F. App'x 875, 876, 879 (11th Cir. 2016). His guideline range was based on the district court's determination that Price was a career offender under Section 4B1.1 of the United States Sentencing Guidelines because he had two prior Florida convictions for the sale of cocaine and trafficking of cocaine. *Price v. United States*, No. 3:14-cr-15, 2019 WL 1014544, at * 5 (M.D. Fla. Mar. 4, 2019) (discussing background in context of addressing Price's motion under 28 U.S.C. § 2255).

Price challenged his conviction and sentence on appeal, but those challenges were unsuccessful. *See generally Price*, 644 F. App'x 875. With regard to his sentence, the Eleventh Circuit rejected his argument that his 262-month sentence was substantively unreasonable. *Id.* at 879. Price then sought a petition for writ of certiorari, which was denied. *Price v. United States*, 137 S. Ct. 619 (Jan. 9, 2017).

Price's § 2241 petition alleges that the sentencing court erred in determining that he was a career offender, and, for support, he relies on the Supreme Court's decision in *Mathis*. In *Mathis*, the Supreme Court relied on several of its prior decisions "to clarify that where an offense of conviction enumerates various alternative factual means of satisfying one element of the crime, courts may not use the modified categorial approach." *Ham v. Breckon*, 994 F.3d 682, 688 (4th Cir. 2021). After *Mathis* was decided, Price filed a § 2255 motion, in which he raised the same argument he advances here. The sentencing court determined that the argument—a challenge to the sentencing guidelines—was not properly before it as part of a § 2255 motion, but the court nonetheless went on to address and reject it on its merits. *Price v. United States*, No. 3:14-cr-15, 2019 WL 1014544, at *5–7. The district court also denied him a certificate of appealability. *Id.* at *8.

2

Price appealed from that order, but the Eleventh Circuit denied him a certificate of appealability.  *Price v. United States*, No. 19-11675-A (11th Cir. Oct. 3, 2019) (order denying certificate of appealability).  As to his specific challenges to the career offender designation, the appellate court deemed them abandoned because they were not included in his counseled motion seeking a certificate of appealability.  *Id.* at 1 n.1.

Price nonetheless pursues the same argument again before this court, arguing that his prior convictions are no longer controlled substance convictions after *Mathis* and that he should not have been deemed a career offender under U.S.S.G. § 4B1.1.  In his § 2241 petition, he seeks relief pursuant to the Fourth Circuit's decision in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), which set forth the circumstances under which a petitioner may use § 2241 in order to challenge his sentence.

## II.   DISCUSSION

Ordinarily, a motion pursuant to § 2255, not § 2241, is the appropriate vehicle for challenging a conviction or sentence.  However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a § 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).[2]

Under *Wheeler*, a petitioner may proceed under § 2241 to challenge his sentence only if he shows all of the following:

1.  At the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

2.  Subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;

---

[2]  This provision "is commonly referred to as the 'savings clause' as it arguably saves § 2255 from unconstitutionally suspending habeas corpus."  *Lester v. Flournoy*, 909 F.3d 708, 711 (4th Cir. 2018).

3.  The prisoner is unable to meet the gatekeeping provisions of
    § 2255(h)(2) for second or successive motions; and

4.  Due to this retroactive change, the sentence now presents an
    error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429; *see also Lester v. Flournoy*, 909 F.3d 708, 712 (4th Cir. 2018).  The

*Wheeler* court also affirmed that the requirements of the savings clause are jurisdictional.  Thus,

a § 2241 petitioner relying on the savings clause to challenge his sentence must meet the *Wheeler*

test for the district court to have subject-matter jurisdiction to evaluate the merits of the

petitioner's claims.  *Wheeler*, 886 F.3d at 423–26.

Based on clear Fourth Circuit law, Price cannot satisfy the second *Wheeler* prong by

relying on *Mathis*.  In particular, the Fourth Circuit has squarely concluded that "*Mathis* did not

change the settled substantive law" for purposes of *Wheeler*'s second prong.  *Ham v. Breckon*,

994 F.3d 682, 689 (4th Cir. Apr. 20, 2021) (affirming the district court's dismissal of a § 2241

petition for lack of jurisdiction, where the petitioner relied on *Mathis*); *see also Muhammad v.*

*Wilson*, 715 F. App'x 251, 252 (4th Cir. 2017) ("*Mathis* did not announce a substantive change

to the law.").  Thus, Price cannot rely on *Mathis* to satisfy the second prong of the *Wheeler* test.

Price cannot rely on *Mathis* for the additional reason that *Mathis* was not decided

*subsequent* to Price's direct appeal and first § 2255 motion, as required by *Wheeler*'s second

prong.  Price's direct appeals concluded on January 9, 2017, when the Supreme Court denied his

petition for a writ of certiorari.  *Price v. United States*, 137 S. Ct. 619 (Jan. 9, 2017).  He filed his

§ 2255 motion within a year of that denial.  *Mathis* was decided, however, on June 23, 2016,

while his petition for writ of certiorari was pending and before his § 2255 motion was filed.

5

For these reasons, Price fails to meet the *Wheeler* test to show that § 2255 is inadequate and ineffective to test the legality of his sentence.  Thus, this court lacks jurisdiction over his § 2241 petition.

### III.  CONCLUSION

For the reasons stated herein, Price cannot proceed under § 2241 and his petition will be dismissed for lack of jurisdiction.  An appropriate order will be entered.

Entered: November 4, 2021.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge